IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY SYLVESTER RIDEAU, JR.,

      Plaintiff,                  No. CIV S-05-1709 FCD KJM P

    vs.

JEANNE WOODFORD, et al.,        <u>ORDER AND</u>

      Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendants have filed a motion to dismiss in which defendants assert plaintiff failed to exhaust administrative remedies with respect to most of his claims prior to filing suit. Defendants also have filed a motion for summary judgment.

I. <u>Motion To Dismiss</u>

   A. <u>Standard Of Review</u>

      A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial

/////

/////

remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

The exhaustion requirement is rooted in the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California Department of Corrections and Rehabilitation (CDCR) regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt, 315 F.3d at 1119.

B. Analysis

In his amended complaint filed on April 30, 2007, plaintiff alleges he was subjected to cruel and usual punishment in violation of the Eighth Amendment by Warden Runnels and Dr. James, who are or were both employees at the High Desert State Prison (HDSP) at the time. Plaintiff alleges defendant Runnels subjected plaintiff to seven back to back lockdowns between the months of July 2000 and June 2005, which resulted in exacerbation of plaintiff's hypertension due to a lack of exercise. Am. Compl. ¶¶ 6-13. Plaintiff alleges Dr. James acted with deliberate indifference to plaintiff's medical needs by prescribing the wrong medications for his hypertension and denying plaintiff access to the ideal dietary meals for a hypertension patient. Id. ¶¶ 18-22.

/////

### 1. Defendant James

Defendants attach evidence to their motion to dismiss indicating plaintiff did not complete the inmate grievance process with respect to his claims against defendant James prior to filing suit. See Decl. of T. Robertson; Decl. of Tom Emigh. In response, plaintiff appears to assert that a grievance he initiated in January 2007 served to exhaust administrative remedies as to James. Opp'n at 3-5. However, as indicated above, plaintiff needed to have exhausted administrative remedies prior to bringing suit to satisfy 42 U.S.C. § 1997e(a). Because plaintiff originally initiated this action in 2005 and he now fails to point to anything else suggesting he exhausted administrative remedies with respect to his claims against defendant James prior to filing suit, plaintiff's claims against James should be dismissed.

### 2. Defendant Runnels

Defendants point to evidence indicating plaintiff did not exhaust administrative remedies with respect to his claims against defendant Runnels arising from six prison lockdowns occurring between July 14, 2000 and March 9, 2004. See Memo. P. & A. In Supp. Defs.' Mot. For Summ. J. (MSJ) at 5:3-28 & Exs. A-F. Plaintiff asserts he did exhaust his administrative remedies.

Plaintiff argues that a grievance he submitted on January 13, 2005 served to exhaust administrative remedies with respect to all of his claims against defendant Runnels. Opp'n at 2. Defendants point out that prison grievances must generally be filed within fifteen days of the event grieved. Cal. Code Regs. tit 15, § 3084.6(c). The Supreme Court has held that an agency's deadlines generally must be complied with for proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 90 (2006). Plaintiff fails to point to anything suggesting how a grievance submitted in January 2005 could have exhausted administrative remedies with respect to anything occurring before December 2004, considering CDCR's fifteen day rule. Plaintiff also does not argue the court should not, for some reason, recognize the fifteen day rule as a bar to his claims. For these reasons, any claims arising solely from discreet events

occurring between July 14, 2000 and March 9, 2004 must be dismissed. As discussed below, however, any of plaintiff's allegations arising from these lockdowns or otherwise that are part of plaintiff's cumulative claim that his Eighth Amendment rights were ultimately violated during and after lockdowns that occurred between July 7, 2004 and June 6, 2005 are still at issue. See Am. Compl. ¶ 13.

## II. Defendants' Motion For Summary Judgment

Defendants seek summary judgment with respect to plaintiff's remaining Eighth Amendment claim against defendant Runnels. Plaintiff has asked that the court delay consideration of defendants' motion for summary judgment so he can obtain an affidavit from an particular inmate. Because plaintiff has not presented anything suggesting the inmate's affidavit would materially affect the resolution of defendants' motion, the request will be denied.

Additionally, defendants object to most of the exhibits plaintiff attaches to his opposition. None of the exhibits provides the court with any evidence compelling the court to reach a conclusion with respect to defendants' motion different than the one reached below.

### A. Standard Of Review

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered,

after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On October 23, 2007, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

    B. Analysis

As indicated above, plaintiff asserts in his amended complaint he was subjected to back to back lockdowns culminating in a lockdown that occurred between July 7, 2004 and June 6, 2005 or later. Am. Compl. ¶¶ 12-13. He avers that at least as early as 2003, he made defendant Runnels aware, through the inmate grievance process, that denial of outdoor exercise would exacerbate his severe hypertension. Id. ¶ 9. During the middle of the most recent identified lockdown, in January 2005, he also informed Runnels through the inmate grievance process that he was having nose bleeds and chest pains from hypertension, exacerbated by prolonged periods of time without exercise. Id. ¶ 12. The court construes these allegations to

state a claim upon which relief can be granted for a violation of plaintiff's Eighth Amendment right to adequate medical care while incarcerated.

In his declaration, defendant Runnels indicates that if an inmate who was subjected to lockdown needed outdoor exercise for medical reasons, as determined by an HDSP medical provider, that inmate would have received exercise. Decl. of D. Runnels ¶ 8. Plaintiff does not point to any evidence upon which the court could make a finding that this policy was not in place, nor does plaintiff point to anything indicating any physician or other medical officer indicated plaintiff needed outdoor exercise to combat his hypertension.[1]

Defendants argue that defendant Runnels should be granted summary judgment based upon the doctrine of qualified immunity. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Saucier v. Katz, 533 U.S. 194, 201 (2001); Pearson v. Callahan, ___ U.S. ___, 129 S. Ct. 808 (2009).

Defendants assert there is no evidence showing that defendant Runnels violated any of plaintiff's clearly established constitutional rights. In particular, defendants assert there is no evidence indicating defendant Runnels violated plaintiff's Eighth Amendment right of access to medical care because there is no evidence Runnels was ever deliberately indifferent to the harm that could have resulted from plaintiff's being denied outdoor exercise. Mot. at 14:4-8.

In order for a plaintiff to prevail on a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, the evidence must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). On the record before the court, plaintiff has not met

---

[1] In fact, Dr. R. Andreasen indicates in his declaration in support of defendants' motion that a lack of outdoor exercise generally does not exacerbate hypertension because any exercise necessary to control or reduce hypertension could be undertaken in-cell. Decl. of R. Andreasen ¶ 11.

his burden so as to survive summary judgment. The evidence shows Runnels either elected or was directed to rely on the advice of medical professionals in determining whether an inmate would receive outdoor exercise during a lockdown for treatment as to a health problem. While plaintiff alleges he informed Runnels directly of his condition, the court cannot characterize Runnels's reliance on a medical officer in determining whether plaintiff needed outdoor exercise as indifference to plaintiff's medical condition. This is particularly the case in that nothing before the court suggests a lay person would be aware that lack of outdoor exercise would necessarily exacerbate hypertension. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) (non-medical prison officials will generally be justified in relying on opinions of medical officials in medical matters).

For these reasons, defendant Runnels is entitled to summary judgment based on the doctrine of qualified immunity, with respect to plaintiff's claim that Runnels's failure to provide plaintiff with outdoor exercise exacerbated his hypertension.

III. Conclusion

For the foregoing reasons, the court will recommend that this action be dismissed and order that all of plaintiff's outstanding requests concerning the litigation of this matter be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's "request . . . to postpone consideration of defendants' motion . . . for summary judgment" (#40) is denied.

2. All of plaintiff's other outstanding requests or motions ( #53, #54, #55, #58) are denied.

/////
/////
/////
/////

IT IS HEREBY RECOMMENDED that:

1. Defendants' July 25, 2008 motion to dismiss (#38) be granted to the extent that:

    A. Defendant James should be dismissed from this action; and

    B. Plaintiff's claims against defendant Runnels should be dismissed, except for plaintiff's cumulative Eighth Amendment claim arising from effects he experienced during and after a prison lockdown occurring between July 7, 2004 and June 6, 2005.

2. Defendants' July 25, 2008 motion for summary judgment (#37) be granted with respect to plaintiff's remaining Eighth Amendment claim against defendant Runnels.

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 20, 2009.

                                                 U.S. MAGISTRATE JUDGE

1
ride1709.157